UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **JOSEPH MICHAEL SMITH**, Defendant. | 2:17-CR-20707-TGB-APP HON. TERRENCE G. BERG **ORDER DENYING MOTION TO VACATE SENTENCE (ECF NO. 21)** |

Petitioner Joseph Michael Smith pled guilty to interference with commerce by robbery. After his release from custody but before the termination of his supervision, he violated the terms of his supervised release by committing another felony. While serving his sentence for that felony in the Ohio Department of Corrections, Smith filed the instant habeas petition, demanding a hearing on his supervised release violation and requesting that any new federal sentence run concurrently with his state sentence. But because this Court lacks jurisdiction to hear Smith's petition, and because his petition is already before the United States District Court for the Southern District of Ohio, Smith's motion to vacate his sentence will be denied.

## I.   BACKGROUND

After pleading guilty to two counts of interference with commerce by robbery, Smith was sentenced to 46 months in custody to be followed

1

by a 36-month term of supervised release. *See* Plea Agreement, ECF No. 15; Judgment, ECF No. 19, PageID.65-67. Smith was released from custody in February, 2021. His supervision was then transferred to the United States District Court for the Southern District of Ohio. *See* Transfer Order, ECF No. 20.

Within a few months, Smith committed a new felony, and was sentenced to two years in state prison in Ohio on October 28, 2021. Smith contends that his due process rights have been violated because he was not given a prompt supervised release revocation hearing. He says that because he is subject to a federal detainer, he is not eligible for certain privileges in state custody, including better job assignments, a lower security level, qualification for early release, and the opportunity to have any new federal sentence on the violation run concurrently with his now-running sentence in state custody. Habeas Pet., ECF No. 21, PageID.86.

## II. LEGAL STANDARD

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* As relief, the prisoner may move the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a

constitutional or jurisdictional error are generally cognizable only if they involve a fundamental defect which inherently results in a complete miscarriage of justice." *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotations omitted)). This standard is met only in exceptional circumstances; not every alleged error of law can be raised on a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428 (1962); Davis, 417 U.S. at 346.

### III. DISCUSSION

Smith requests that a supervised release violation hearing be ordered, and that any new sentence for violating the conditions of his release run concurrently with his state sentence. But because the Southern District of Ohio is the proper forum for Smith's petition and because Smith's petition is already being heard there, his petition in this Court will be denied.

Though Smith styles his petition as arising under 28 U.S.C. § 2255, Smith does not attack the constitutionality of his sentence. Instead he complains, as best the Court can discern, of the duration and computation of his sentence. To the extent Smith has any valid claims, they would be properly raised, if at all, in a motion under 28 U.S.C. 2241. *See, e.g.*, *United States v. Martin*, 2018 WL 5983011, at *2 (M.D. Tenn. Nov. 14, 2018). Jurisdiction to hear such a motion would lie with the district court for the district of Smith's confinement. 28 U.S.C. § 2241(d). When he filed

3

this petition, Smith was in custody in the Warren Correctional Institution in Warren County, Ohio. Warren County falls within the Southern District of Ohio. 28 U.S.C. § 115(b)(1). Moreover, the Southern District of Ohio accepted jurisdiction over Smith's supervision in June, 2021. *See* Transfer Order, ECF No. 20; June 11 text-only notice.

Although Smith erroneously filed his petition here, he also appears to have simultaneously filed in the appropriate district. The same day Smith filed the instant petition he filed a substantively identical petition in the Southern District of Ohio. That case, *United States v. Smith*, 3:21-cr-00076-MJN, remains pending and is assigned to the Honorable Michael J. Newman. While the Southern District of Ohio denied Smith's petition, explaining that § 2255 was not the appropriate vehicle to pursue the relief Smith sought, that court nevertheless granted Smith's request for the appointment of counsel and ordered a detention hearing, as Smith had requested. *See* Order Denying Habeas Petition, ECF No. 7; Order Appointing Counsel, ECF No. 8; April 25, 28 2023 text-only docket entries.

In light of the ongoing proceedings in the Southern District of Ohio, it appears that Smith has already obtained the relief he sought in his initial petition. For that reason, and because this Court lacks jurisdiction

over Smith's claims in any event, his petition will be denied.[1]

## IV. CONCLUSION

For the above-stated reasons, Petitioner Joseph Michael Smith's motion for relief under 28 U.S.C. § 2255 must be **DENIED**.

**SO ORDERED.**

Dated: May 16, 2023          s/Terrence G. Berg
                                           TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE

---

[1] Because the Court lacks jurisdiction to hear Smith's petition in any event, it will not consider the Government's argument that the petition is untimely.